**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
Thomas A. Linthorst
Christian A. Zazzali
502 Carnegie Center
Princeton, New Jersey 08540-7814
Tel.: 1.609.919.6600
thomas.linthorst@morganlewis.com
christian.zazzali@morganlewis.com
*Attorneys for Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALGENA DANIELS,<br><br>                              Plaintiff,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC., d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>                              Defendant. | Civil Action No.: 3:26-cv-621<br><br>**NOTICE OF REMOVAL**<br><br>*ELECTRONICALLY FILED* |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), through its undersigned attorneys,

Morgan, Lewis & Bockius LLP, hereby gives notice of removal of this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Mercer County. In support of this Notice of Removal, Horizon states as follows:

## PROCEDURAL BACKGROUND

1. In accordance with Rule 10.1(a) of the Local Civil Rules, Horizon provides the addresses of the named parties as follows:

(a) Plaintiff Walgena Daniels alleges that she resides in Mercer County, New Jersey. Plaintiff is represented in this case by Christine E. Burke of Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053.

(b) Horizon is a corporation organized and existing under the laws of New Jersey with its principal place of business in Newark, New Jersey. Horizon is represented in this matter by Thomas A. Linthorst and Christian A. Zazzali, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2. Plaintiff commenced this action on December 17, 2025, by filing his Complaint in the Superior Court of New Jersey, Law Division, Mercer County, captioned *Walgena Daniels v. Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey*, Docket No. MER-L-002653-25 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit A**.

3. The Complaint asserts claims of: (1) age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD") (Count I); (2) failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count II); and (3) failure to pay overtime compensation in violation of the New Jersey Wage and Hour Law ("NJWHL") (Count III). *See* Ex. A, Compl., Counts I-III.

4. On December 17, 2025, the Law Division issued a Track Assignment Notice, a copy of which is attached as **Exhibit B**.

5. A true and correct copy of the docket (Case Summary) from the State Court Action as of the time of the filing of this Notice is attached hereto and marked as **Exhibit C**.

6. The Complaint and summons were served on Horizon on December 19, 2025. A true and correct copy of the Notice of Service of Process is attached as **Exhibit D**.

7. On January 9, 2026, Plaintiff filed a First Amended Complaint in the State Court Action. A true and correct copy of the First Amended Complaint is attached as **Exhibit E.** The First Amended Complaint does not eliminate the federal FLSA claim asserted in the original Complaint and, to the contrary, adds an additional federal claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The filing of the First Amended Complaint does

not alter or affect this Court's federal question jurisdiction, which existed on the face of the original Complaint at the time the action was commenced and served.

8. No other proceedings have been held in the State Court Action, and the documents attached as Exhibits A through D constitute all processes and pleadings filed in the State Court Action.

9. This Notice of Removal is being filed within 30 days of the service of the Complaint on December 19, 2025. Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

## **GROUNDS FOR REMOVAL**

10. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. This action is removable on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

**Federal Question Jurisdiction**

12. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13. Count II of the Complaint asserts a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The FLSA is a federal statute, and claims arising under the FLSA fall within the original jurisdiction of the federal district courts. *See* 28 U.S.C. § 1331.

14. In addition, Count IV of Plaintiff's First Amended Complaint asserts a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The ADEA is a federal statute, and claims arising under the ADEA fall squarely within this Court's original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

15. Accordingly, this action is removable based on federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a).

16. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims under the NJLAD (Count I) and the NJWHL (Count

III), as those claims form part of the same case or controversy as the federal FLSA claim and derive from a common nucleus of operative fact.

## ALL OTHER REMOVAL PREREQUISITES ARE SATISFIED

17. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Mercer County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

18. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because Horizon received service of the Complaint on December 19, 2025, in the State Court Action.

19. In accordance with 28 U.S.C. § 1446(d), Horizon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court Action. *See* Exs. A-E.

20. In accordance with 28 U.S.C. § 1446(d), Horizon will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New

Jersey, Law Division, Mercer County, and will promptly give Plaintiff written notice of this filing.

21. By filing a Notice of Removal, Horizon does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

22. Further, Horizon respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of removal and/or diversity jurisdiction if Plaintiff challenges this Notice of Removal, and such discovery or argument becomes necessary.

23. The undersigned is counsel for and is duly authorized to effect removal on behalf of Horizon.

WHEREFORE, Defendant Horizon hereby removes this case from the Superior Court of New Jersey, Law Division, Mercer County, and this Court has jurisdiction over further proceedings.

Dated: January 20, 2026              Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Thomas A. Linthorst*
Thomas A. Linthorst
Christian A. Zazzali
502 Carnegie Center
Princeton, New Jersey 08540
Phone: 609.919.6600
Fax: 609.919.6701
thomas.linthorst@morganlewis.com

7

christian.zazzali@morganlewis.com

*Attorneys for Defendant Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

In accordance with Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of another pending lawsuit, arbitration, or administrative proceeding, including the State Court Action that is being removed. The related action is currently pending before the United States District Court for the District of New Jersey is captioned *Walgena Daniels v. Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey*, Docket No. MER-L-002653-25, which was removed to this Court from New Jersey state court and includes the same Plaintiff, the same Defendant Horizon.

Dated: January 20, 2026         */s/ Thomas A. Linthorst*
                                Thomas A. Linthorst

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing Notice of Removal with attached exhibits and accompanying Civil Cover Sheet were filed via the ECF system and will be subsequently served via email and U.S. mail on the following Plaintiff:

>Christine E. Burke, Esq.
>Karpf, Karpf & Cerutti, P.C.
>8 Interplex Drive, Suite 210
>Feasterville-Trevose, PA 19053
>cburke@karpf-law.com
>Tel.: (215) 639-0801
>*Attorneys for Walgena Daniels*

Dated:  January 20, 2026         <u>/s/ Thomas A. Linthorst</u>
                                 Thomas A. Linthorst